ROBERT JOSEPH BATH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT
Bath v. Commissioner
Docket No. 11174-76.
United States Tax Court
T.C. Memo 1979-96; 1979 Tax Ct. Memo LEXIS 433; 38 T.C.M. (CCH) 455; T.C.M. (RIA) 79096; March 19, 1979, Filed Robert Joseph Bath, pro se. Jan R. Pierce, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $617 deficiency in petitioner's 1975 Federal income tax. In his Amended Answer, respondent increased the deficiency to $739. The only two issues for decision are whether petitioner understated his gross *434 income by $596.62 due to a mathematical error and whether petitioner is entitled to a foreign tax credit in 1975. FINDINGS OF FACT Some of the facts were stipulated and are found accordingly. Petitioner was a resident of Napa, California, when he filed his 1975 Federal income tax return with the Internal Revenue Service Center at Fresno, California, and when he filed his petition in this case. Petitioner filed his 1975 Federal income tax return as a single individual; he utilized the optional tax tables to calculate his tax liability. In 1975, petitioner received $2,869.88 in compensation income from Computax Corporation and $4,070.25 in Canadian dollars from a Canadian corporation. The conversion rate of Canadian to United States dollars was.95 in 1975. In 1975, petitioner reported a total United States gross income of $6,140 from these sources. After computing his tax liability on $6,140 gross income, petitioner took a $693 foreign tax credit. Respondent disallowed the entire tax credit since petitioner utilized the optional tax tables to compute his tax liability. In his Amended Answer, respondent further asserted that petitioner understated his gross income by $596.62 *435 through a mathematical error. OPINION We must first decide whether petitioner understated his gross income by $596.62 in 1975. Respondent has the burden of proof on this issue. Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner's own return reflects that he made a mathematical error in computing the amount of his gross income. When the $4,070.25 Canadian dollars are converted to United States dollars through the.95 conversion rate, petitioner should have reported $3,866.74 from this source. When this figure is added to his United States source income of $2,869.88, petitioner's correct gross income is $6,736.62. Since he reported only $6,140, we find that he understated his gross income by $596.62 in 1975. The final issue we must decide is whether petitioner is entitled to utilize a foreign tax credit in 1975. Section 36 [1] provided that a section 33 credit for foreign taxes would be allowed only if, among other things, a taxpayer did not compute his tax liability under the section 3 optional tax tables. Since petitioner computed his tax liability under the section 3 optional tax tables, he is not entitled to any tax credit in 1975. [2]
*436 To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the tax year ending December 31, 1975. ↩
2. Respondent conceded at trial that petitioner paid $96, $51 and $12 for California income taxes, sales taxes, and gasoline taxes, respectively. Petitioner conceded he received a refund of $516 with respect to his 1975 tax liability. The parties may wish to take these amounts into consideration in their Rule 155, Tax Court Rules of Practice and Procedure↩, computations to allow petitioner to itemize his deductions. Sec. 144(c)(2).